And the final matter of being argued today, Campbell v. Pepsi Beverages, 19-1345. Mr. Campbell. Good morning, your honor. Hi, good morning. So you've reserved two minutes for rebuttal, Mr. Campbell. And so we'll give you, you know, your time at the beginning and then you can come back after we hear from Ms. Pescova. Go ahead with your argument. Okay, so what brings us here today is really a discussion of if federal rule 56 was followed thoroughly on the district court level. As it clearly states that, you know, the evidence or the information statements provided are supposed to be in light and favor of the non-movement, but the moving party has the burden of showing that there is nothing in dispute. If you look at the material facts, they contradicted themselves and disputed information, which would have pretty much dismissed their motion by itself because they didn't meet their burden of not showing that anything's in dispute. Okay, so pretty much with that being said, I mean, it's just, you know, as far as just applying a rule 56, that made all the difference because if they didn't even meet their initial burden and plaintiff myself wouldn't even have to respond. And because there were so many errors at the same time where if you look at what the judge had decided in his decision in order, he stated that it appeared that I had, that plaintiff had attendance and performance issues and that if there was a serious question as to whether plaintiff was qualified as a merchandiser to begin with, these things are once again, credibility determinations, which is reserved for the fact finder at trial, not at a stage of summary, not, you know, at the stage of summary. And, you know, it's also weighing the evidence. I mean, you can't establish based off the rule that, hey, well, it looks like this person wasn't even qualified, but at the same time where they say attendance and performance issues is concerned, they say that plaintiff was never, it was clearly stated that plaintiff was never given any warnings or discipline during his time of employment. These create disputes and this further would have been enough to defeat summary judgment because they were genuine material facts that are in dispute. At the same time, the mileage report itself, which was defended so legitimate, non-discriminatory reason for my termination, it shows conflicting numbers. And not only does it show conflicting numbers, it also shows information that the data used in that report was missing, that they knowingly withheld, but yet based their termination off of that. Like, I mean, everything is there, it's in the record. And once again, if you're looking at the record as a whole in favor of the plaintiff, that would have been enough to defeat summary judgment and therefore it shouldn't have been granted. Okay. Thank you, Ms. Gamble. So we'll hear from Ms. Prestegard and then we'll hear, after she's done, we'll hear from you, okay? Okay. May it please the court, my name is Linda Prestegard and I represent the defendant bottling group. The district court's findings on plaintiff's claims of color and race-based discriminatory termination, discriminatory failure to promote discriminatory or racial harassment and retaliation were proper and Judge Larimer's decision and order should be upheld. Pursuant to federal rules of Appellate Procedure 28, plaintiff has waived his review of the court's decisions on all claims adjudicated for failing to properly present these arguments on appeal. He has failed to address the district court's analysis of the failure to state prima facie case with respect to the termination, discrimination termination, discriminatory termination based on race and color. He, as has now has been stating, he has focused his appellate brief and his argument on discriminatory termination claim. However, he did not address the district court's analysis or finding that the plaintiff failed to establish a necessary element of his prima facie case. He failed to establish that he was treated less favorably than any other similarly situated employee outside his protected group or provide any other form of proof that his termination occurred under circumstances giving rise to discrimination. Similarly, plaintiff has failed to address and has therefore waived the discriminatory failure to promote claim. He failed to establish that he applied for an open position and that he was rejected under circumstances giving rise to an inference of discrimination. He similarly failed to address the district court's analysis of the color and race-based harassment claim. He speaks generally of constant harassment, but again, the appellate brief fails to contain any mention of Judge Larimer's analysis that he failed to establish any conduct that was severe or pervasive. And he failed to speak to this issue of the conduct being based on Campbell's race or color. And finally, he failed to make any identifiable argument about the claims or arguments that are the analysis that Judge Larimer made regarding the analysis on retaliation. Plaintiff has failed to proffer evidence that defendant's legitimate non-retaliatory reason was pretextual. And that reason provided is the good faith belief that Mr. Pitts, the ultimate supervisor or manager in this case, decide or determine that plaintiff falsified company records by submitting a false mileage for reimbursement. If the court were to determine that waiver is not the case, it still should be upheld that the district court properly determined that plaintiff has failed to proffer evidence of a prima facie case of discriminatory determination. He failed to proffer evidence of a discriminatory failure to promote. He's failed to proffer evidence that of a prima facie case for harassment. And similarly- No, Ms. Prestigard, with respect to the prima facie case issue on discriminatory determination claim, we've said that it's actually a very low threshold. I understand, Judge, but you still have to state the prima facie case. Did you have a- Was there not a reference to, for example, two other merchandisers who were white, who similarly reported their mileage? Yes, but the mileage was very different in terms of differences. The manager determined that, and the court concurred, that the very limited difference in mileage that was proffered or that was submitted by the white, similarly-situated employees was very minor in comparison to Mr. Campbell's submission. I believe Mr. Campbell had approximately a 31% difference in what comes up for MapQuest calculations, oops, versus what the other similarly-situated employees had. Your Honor, if I may. Ms. Pestero, is there anything else? No, Your Honor. Okay, thank you. Okay, so- Mr. Campbell, you can go ahead. Okay, sorry, Your Honor. Yeah, so clearly, Defense Counsel just pointed out the main subject of the case, the mileage report. There are two other individuals which will be my comparator in this particular case. And once again, we're talking summary judgment, and we're just shooting for a mere preponderance of the evidence and looking at it in favor of the plaintiff, which is myself. The report itself shows that two minorities were terminated for being over, whether it's 1% or 50% versus the non-minorities, my fellow white co-workers who weren't, but yet they're in the same category as far as their overage in miles. I mean, it really comes down to stealing is stealing. If I steal a dollar and somebody steals $100, I mean, it's still stealing. I mean, it doesn't make it any less of an act just because somebody stole one and the other stole 100. So at the same time, it clearly shows that there's a genuine dispute, which this would need to all be presented at trial in front of a jury for them to weigh the evidence and to have this fully disclosed. So I take it, Mr. Campbell, this is just loyally that one of the responses to that is that even these reports account for some over-reporting, right? But 577 miles over, according to the report, compared to maybe 30 miles. Correct. Now, and at the same time, what you also have to look at is they, the defendant, Pepsi, my managers, withheld information, extra data to justify my number. They put together the report, which shows I drove to A, B, C, and D, not including A. Between A and C, there was actually an extra stop. My lunch mileage wasn't included in that. My coming back to the facility, which is on the record that I had to come back and do extra work the week that came, that brought my mileage into question. And at the same time, going back to, if we were to look at Hicks versus St. Mary's Honors, it says, once plaintiff proved all of defendant's proffered reasons for the adverse employment action to be pretextual, plaintiff was entitled to judgment as a matter of law. Because of all of defendant's proffered reasons were discredited, defendants were in a position of having offered no legitimate reason for their actions The report is everything. And that report is, it clearly shows that the numbers are off. They don't, there wasn't a set mileage for my route. There wasn't a policy and there wasn't a procedure. All I did, which triggered everything that happened which brought that week into question was, I drove the miles and I reported it. They went together and they put together that I went to only a select few stops withholding the additional trips back to the plant which will throw the mileage off. You're talking about, you're missing almost a hundred different miles which they knew this when they did the report because there is no way for you to track going back to the facility because there's no barcode there, but there's barcodes at the stores that we worked at. So if I came back to the facility because they directed me to and they didn't put that information in there, the report is gonna be off. It's gonna look like I falsified. But once again, I'm the creator of the miles because I drove the miles. And therefore with their report, their report with the report is actually falsified on their end because they're saying they're changing my number to a lesser number which they knew isn't true and correct. And as they also argued with a thorough investigation, you can't call that a thorough investigation if you intentionally withheld the mileage that was additional that you directed that employee to go to. And once again, I'm just trying to bring it back to federal rule 56. We're looking for genuine material facts of dispute. That is the root of this issue. If I can prove that their wrongful termination is wrongful in itself, which I pretty much did just right in an air. I mean, it speaks for itself. So Mr. Campbell, I think we understand your argument and we've got the benefit of what you've already submitted plus this oral argument. We thank you for your time and the argument. We thank Ms. Pestegar as well. We're gonna reserve decision, which just means that we're gonna decide this not now, but at some point pretty soon. But we are done for today. Thank you all. And I'll ask the clerk to adjourn court. Okay. Thank you, Your Honor. Court is adjourned. Thank you. Thank you.